UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

MAMOUN M. AHMED,
    Petitioner,

v.

ANTONE MONIZ,
    Respondent.

No. 21-cv-12133-DLC

**REPORT AND RECOMMENDATION ON RESPONDENT'S MOTION TO DISMISS**

CABELL, U.S.M.J.

    On December 21, 2021, an Immigration Judge ("IJ") ordered petitioner Mamoun M. Ahmed, a noncitizen, removed from the United States. (D. 9-1, ¶ 5). Two days later, the petitioner, an inmate at the Plymouth County Correctional Facility ("PCCF") at the time, filed a petition for writ of habeas corpus under 28 U.S.C. § 2241.[1] (D. 1). The one-page petition asserts that his prolonged detention "without [a] bond hearing" violates his right to due process" under the Fifth Amendment. (D. 1). In February 2022, respondent Antone Moniz filed a motion to dismiss the petition as moot because the "U.S. Immigration and Customs Enforcement (ICE) released Petitioner, and Petitioner is no longer in ICE custody." (D. 8).

---

[1] Although docketed on December 27, 2021, the petitioner signed the petition on December 23. *See DeLong v. Dickhaut*, 715 F.3d 382, 386 (1st Cir. 2013) (applying mailbox rule to federal habeas petition).

The petitioner therefore "received the ultimate relief requested" in the petition, according to the respondent. (D. 9, p. 3). For reasons stated below, the petition, which seeks relief in the form of a bond hearing or, at most, petitioner's release from PCCF, is moot, and the motion to dismiss (D. 8) therefore should be allowed.

I. **BACKGROUND**

The petitioner was incarcerated at PCCF as an immigration detainee in December 2019 and remained there until January 27, 2022. (D. 1). As noted, on December 21, 2021, the IJ ordered his removal from the United States. At the same time, however, the IJ deferred the "[p]etitioner's removal to Sudan . . . under the Convention Against Torture."[2] (D. 9-1, ¶ 5). Citing *Reid v. Donelan*, 17 F.4th 1 (1st Cir. 2021), the petition requests a court order for Immigration and Customs Enforcement ("ICE") and PCCF "to show cause for the prolonged detention" and "allow[] petitioner [the] bond hearing to justify the detention."[3] (D. 1). The petition does not seek damages. (D. 1).

---

[2] The Convention Against Torture is formally known as the Convention Against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment, Dec. 10, 1984, S. Treaty Doc. No. 100-20, 1465 U. N. T. S. 113.

[3] The First Circuit in *Reid* adheres to the principle "that 'the Due Process Clause imposes some form of "reasonableness" limitation upon the duration of detention under [8 U.S.C. § 1226(c)].'" *Reid*, 17 F.4th at 7 (citation omitted). The court explained, however, that a six-month detention does not per se "trigger a constitutional right to a reasonableness hearing or bond hearing for a person already convicted of a crime." *Id.* at 9. Relative to the petitioner's position, the decision also notes

"On January 27, 2022, ICE ERO Boston released Petitioner from its custody pursuant to an Order of Supervision." (D. 9-1, ¶ 5). Upon release, the petitioner "provided an address for a new residence in Albany, New York" at 187 Shaker Road. (D. 9-1, ¶ 5) (D. 16). As a result, "ICE ERO Buffalo" is "responsible for ensuring compliance with the terms and conditions of his release," according to a deportation officer in the Enforcement and Removal Operations ("ERO") branch of ICE.[4] (D. 9-1, ¶ 5).

Notably, on March 7, 2022, a court Order (D. 5) sent to the petitioner at PCCF was returned with a notation "not here." (D. 13). Relatedly, certificates of service attached to the respondent's motion to dismiss and supporting memorandum reflect the petitioner's PCCF address. On March 9, 2022, this court therefore instructed the respondent to send each filing to the petitioner at his New York address. (D. 14). At the same time,

---

the government's concession "that mandatory detention under section 1226(c) without a bond hearing violates the Due Process Clause when it becomes unreasonably prolonged." *Id.* at 8 (parenthesis omitted).

[4] ERO is a "branche[] of Immigration and Customs Enforcement," and "manages all aspects of the immigration enforcement process." *Diaz Ortiz v. Garland*, 23 F.4th 1, 3 n.1 (1st Cir. 2022) (citation omitted). "ICE ERO Boston" and "ICE ERO Buffalo" (D. 9-1) are ERO offices covering, respectively, the Boston and Buffalo, New York areas. *See ICE Field Offices,* U.S. Immigr. and Customs Enf't, https://www.ice.gov/contact/field-offices (last visited July 6, 2022); *see also Kader v. Sarepta Therapeutics, Inc.*, Civil Action No. 14-14318-ADB, 2016 WL 1337256, at *11 (D. Mass. Apr. 5, 2016) (taking judicial notice of official FDA statement on government website).

this court sent the petitioner "its prior mailings and a copy of" the March 9 Order to the petitioner at his New York address. (D. 14). The March 9 Order required the petitioner to file a response to the respondent's motion to dismiss within 30 days addressing the respondent's "contention that the petition for habeas relief should be deemed moot where the petitioner was released from administrative custody." (D. 14). The respondent states he mailed the filings on March 10, including the attached declaration, and the March 9 Order to the petitioner at his New York address. (D. 16, 16-1). The petitioner's receipt of the properly addressed court and government filings "within a reasonable time" after "place[ment] in the mail" is presumed where, as here, there is an "absence of evidence to the contrary." *Loubriel v. Fondo del Seguro del Estado*, 694 F.3d 139, 143 (1st Cir. 2012) (citing *Sherlock v. Montefiore Med. Ctr.*, 84 F.3d 522, 526 (2d Cir. 1996)) (additional citation omitted); *Favreau v. Liberty Mutual, Inc.*, 451 F. Supp. 3d 150, 168 n.9 (D. Mass. 2020) (citation omitted); *Me. Med. Ctr. v. United States*, 766 F. Supp. 2d 253, 258 (D. Me. 2011). Petitioner did not file a response to the motion to dismiss.

**II.  DISCUSSION**

Justiciability requires the existence of an actual case or controversy. U.S. Const. art. III, § 2, cl. 1. "Even if an actual case or controversy exists at the inception of litigation, a case

may be rendered moot (and, therefore, subject to dismissal) if changed circumstances eliminate any possibility of effectual relief." *Me. Admin. Sch. Dist. No. 35 v. Mr. R.*, 321 F.3d 9, 17 (1st Cir. 2003).  "The key question is whether the relief sought would, if granted, make a difference to the legal interests of the parties." *Boston Bit Labs, Inc. v. Baker*, 11 F.4th 3, 8 (1st Cir. 2021) (citations omitted).  Notably, "[a] habeas petition will become moot once the prisoner is released from custody unless the petitioner can show some sufficient collateral consequence of the underlying proceeding." *Njuguna v. Smith*, Civil Action No. 16-cv-12075-ADB, 2016 WL 6986208, at *1 (D. Mass. Nov. 28, 2016) (quoting *Leitao v. Reno*, 311 F.3d 453, 455 (1st Cir. 2002)).

Similar to the present circumstances, the court in *Njuguna* allowed a motion to dismiss a section 2241 petition as moot because "Petitioner challenges only the length of his detention, and he has since been released." *Id.*  The section 2241 petition in *Njuguna* "sought [Njuguna's] immediate release from ICE custody on the basis that his confinement exceeded" a "presumptively reasonable six-month time period" and thereby violated "due process." *Id.*

Here too, the petition challenges the petitioner's prolonged detention at PCCF in ICE custody.  The relief sought is a bond hearing due to the "more than 1 [year]" detention. (D. 1).  The petitioner's release from PCCF after he filed the petition renders

5

the petition moot.  Stated otherwise, the requested relief of a bond hearing, if granted, would not "make a difference to the" petitioner's legal interests, *Boston Bit Labs*, 11 F.4th at 8, because the petitioner is already released from PCCF.  Indeed, the petitioner did not file an opposition to the motion and therefore does not oppose the motion to dismiss.

### III. CONCLUSION

In accordance with the foregoing discussion, I order that the case be redrawn for reassignment to a district judge and **RECOMMEND**[5] upon reassignment that the motion to dismiss (D. 8) be **ALLOWED**, and the petition (D. 1) be **DENIED** as moot.

/s/ Donald L. Cabell
DONALD L. CABELL, U.S.M.J.

DATED:  July 7, 2022

---

[5]  The parties are advised that, under Fed. R. Civ. P. 72(b), any party who objects to this recommendation must file specific written objections thereto with the Clerk of this Court within 14 days of the party's receipt of this Report and Recommendation.  The written objections must specifically identify the portion of the proposed findings, recommendations, or report to which objection is made and the basis for such objections.  The parties are further advised that the First Circuit has repeatedly indicated that failure to comply with Rule 72(b) will preclude further appellate review of the District Court's order based on this Report and Recommendation. *See Keating v. Secretary of Health and Human Servs.*, 848 F.2d 271 (1st Cir. 1988); *United States v. Emiliano Valencia-Copete*, 792 F.2d 4 (1st Cir. 1986); *Scott v. Schweiker*, 702 F.2d 13, 14 (1st Cir. 1983).